```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION
```

| | | |
|---|---|---|
| JAMES HOPE, | ) | No. CV 04-09282-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be reversed and the matter remanded for further proceedings.

1      Plaintiff first contends that the ALJ erred at Step Five of the
2 sequential evaluation process by identifying occupations which are
3 incompatible with his found residual functional capacity ("RFC").
4 (Motion at 3, et seq.)
5      In his decision, relying upon the testimony of the vocational
6 expert ("VE"), the ALJ identified the jobs of "fund-raiser" and
7 "information clerk" at Step Five. (AR 20, Finding 11.)  Plaintiff
8 notes that these occupations are specifically described and identified
9 in the Dictionary of Occupational Titles, Fourth Edition ("DOT"), and
10 as to each, the exertional requirements include frequent use of the
11 upper extremities to reach. (See, Exhibits ["Exs."] 1 and 2 to
12 Plaintiff's Motion.)  The RFC found by the ALJ limits Plaintiff, among
13 other things, to not greater than occasional overhead reaching. (AR
14 18.)
15      The Commissioner responds that, while Plaintiff's description of
16 the exertional requirements of the identified jobs is correct, the DOT
17 description simply describes reaching, not overhead reaching. (See
18 Cross-Motion at 5.)  Thus, the Commissioner concludes that, "[T]he
19 indication that 'frequent' reaching [extending the hands and arms in
20 any direction] is required does not mean that frequent overhead
21 reaching is required." (Cross-Motion at 5.)  The difficulty here is
22 that it can also be said that a requirement of frequent reaching may
23 not mean that frequent overhead reaching is not required. It is not
24 the Court's role to speculate as to the exertional requirements of a
25 particular occupation; rather, it is the function of a VE to provide
26 precise testimony on such areas, to assist the ALJ in making a
27 decision at Step Five of the sequential evaluation process.  The Court
28 also notes Plaintiff's cite to the Department of Labor's definition of

2

the term "reaching" as "extending hand(s) and arm(s) in any direction," citing The Revised Handbook for Analyzing Jobs, (HAJ) 1991, pp. 12:6. (Motion at 5.) In her Cross-Motion, the Commissioner has not argued that Plaintiff has incorrectly defined the term "reaching," and in particular, has not argued that the Department of Labor definition should not be applied to the term "reaching" as it is utilized in the DOT, despite Plaintiff's extensive argument that the Department of Labor definition is applicable here. (See Motion at 5, fn. 2.) Finally, the Commissioner has not refuted Plaintiff's contention that Social Security Ruling ("SSR") 85-15 describes reaching as "extending the hands and arms in any direction." (See Motion at 5.) On remand, testimony from the VE will be required on this issue, and in particular, the applicability of the Department of Labor definition, and SSR 85-15, must be explored.

The Commissioner's final argument on this issue is that the VE also identified the job of "investigator" as one which would be available under a hypothetical incorporating Plaintiff's RFC. (See Cross-Motion at 6, AR 776.) The problems with this argument are twofold. First, it was the ALJ's responsibility to make a decision in Plaintiff's case, not the VE's. The VE simply provides evidence, which is evaluated along with all evidence in the record by the ALJ in reaching a decision. The second problem is that the VE eliminated the job of investigator under a second hypothetical which described a person who would require a sit/stand option. (AR 776.) A review of the ALJ's decision indicates that it may not have been inadvertent that the job of investigator was not identified at Step Five. (See AR at 18.) In other words, it would appear that the ALJ may have excluded that job because of Plaintiff's requirement for a sit/stand

3

option. The Court reaches this view because of the ALJ's discussion of the findings of the State Agency medical consultants, which included their opinion that Plaintiff could sit/stand or walk for a total of about six hours in an eight-hour workday, combined with the following statement contained in the ALJ's decision:

> "Although I agree with the bottom line conclusion of the consultants that the [Plaintiff] was not disabled, I find that the physical RFC they decided on was overly optimistic in light of the [Plaintiffs's] degenerative joint disease impairment." (AR 18.)

The Court does not, however, find that the ALJ erred in his assessment of Plaintiff's credibility regarding his subjective symptoms (Plaintiff's second issue). While Plaintiff asserts that the ALJ violated the rule of Bunnell v. Sullivan, 947 F.2d 431, 345 (9th Cir. 1991)(en banc), by citing only the inconsistency between Plaintiff's testimony and the objective medical evidence, this argument is not supported by the language of the decision. For example, the ALJ specifically addressed Plaintiff's lack of credibility by his "inconsistent reports regarding his history of polysubstance abuse. He testified that he had last used cocaine in the 70's, however, his urine tested positive for cocaine and alcohol on March 9, 2002." (AR 16, exhibit reference omitted.) In his Motion, Plaintiff does not address this credibility finding, nor does he contend that the ALJ was incorrect. Further, the ALJ specifically cited the inconsistency between Plaintiff's testimony regarding his activities of daily living ("ADLs") and other evidence in the record regarding his ADL capabilities. ("He remains able to perform an

4

extensive variety of daily activities.")  Although Plaintiff does not specifically identify the exact testimony which he contends should be accorded credibility, the Court's review of the transcript indicates that Plaintiff testified that the longest he could stand before experiencing significant pain and being forced to sit or lay down would be about 20 minutes, at which point he would have to sit down for 15 or 20 minutes. (AR 767.)  It is noted that Plaintiff told Dr. Musher, who performed a complete psychiatric evaluation at the request of the Department of Social Services on September 17, 2002, that he does his own cooking, cleaning, shopping, and laundry. (AR 266.) Although the ALJ's decision might lack some desired precision, it is sufficient in highlighting that the evidence in the record, which the ALJ clearly reviewed, does not support the extensive limitations to which Plaintiff testified.

For the foregoing reasons, the Court finds the ALJ's credibility assessment to be without error.

This matter will be remanded to the Commissioner for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED:  August 10, 2005

    /s/
VICTOR B. KENTON
UNITED STATES Magistrate Judge